*17
 
 Opinion
 

 SIMS, J.
 

 On September 2, 1991, defendants Lee Corbett Erwin and Thomas N. Tanner burglarized a Payless Drug Store and made off with bank deposit bags containing approximately $14,000. However, unknown to them the bags contained a property tag, or electronic beeper, placed in the bags by Payless, which transmitted a signal thereby enabling officers to track the stolen property. The property was tracked to a motel room where the officers made warrantless entry, arrested defendants, and recovered the loot.
 

 In the municipal court, defendants unsuccessfully moved to suppress evidence of their involvement in the burglary. (Pen. Code, § 1538.5.) They then waived preliminary hearing and were bound over for trial.
 

 In the superior court, defendants were charged jointly by information with one count of burglary (Pen. Code, § 459). They moved to set aside the information (Pen. Code, § 995) on the ground the evidence should have been suppressed. Finding no exigent circumstances justifying the officers’ warrantless entry, the court granted the motion. The case was dismissed, and the People appealed (Pen. Code, § 1238, subd. (a)(1)).
 

 In an unpublished opinion, we reversed, finding both probable cause and exigent circumstances in support of the warrantless entry. We remanded the matter to the superior court with directions to reinstate the information and to enter an order denying defendants’ Penal Code section 995 motion.
 

 Following compliance by the superior court with our directions, defendants filed a “Motion to Dismiss Pursuant to P.C., § 995 or to Suppress and Dismiss Pursuant to P.C., § 1538.5.” Defendants offered no new evidence; instead they urged, inter alia, incompetency of counsel in both the lower courts (municipal and superior) and on appeal for having failed to present argument pursuant to
 
 United States
 
 v.
 
 Karo
 
 (1984) 468 U.S. 705 [104 S.Ct. 3296, 82 L.Ed.2d 530], a case involving an electronic beeper which defendants believed was favorable to them.
 

 The trial court denied the suppression motion because defendants failed to offer new evidence. The court denied the Penal Code section 995 motion, finding no ineffective assistance of prior counsel in the lower courts because counsel had won the suppression motion in the superior court. The court refused to rule on defendants’ ineffective assistance of counsel claim regarding appellate counsel.
 

 
 *18
 
 Defendants thereafter pleaded no contest to the burglary, were granted probation, and have appealed.
 

 On the appeal they challenge the propriety of the denial of their suppression motion, claiming ineffective assistance of counsel on the prior appeal for not having raised the
 
 Karo
 
 issue. Relying on
 
 Karo,
 
 defendants contend that since the probable cause for the search of room 106 was unlawfully obtained, the search was illegal.
 
 [1]
 
 However, as we shall explain,
 
 Karo,
 
 is inapplicable in these circumstances.
 

 In
 
 Karo,
 
 drug enforcement agents arranged for a beeper to be inserted in a can of ether the agents believed was being obtained for the purpose of extracting cocaine from drug-impregnated clothing.
 
 (United States
 
 v.
 
 Karo, supra,
 
 468 U.S. at p. 708 [104 S.Ct. at pp. 3299-3300, 82 L.Ed.2d at p. 537].) Using the signals from the beeper the agents located the can in the course of its movements to a private residence, to two different storage facilities, and then to a second residence.
 
 (Id.
 
 at pp. 708-709 [104 S.Ct. at pp. 3299-3300, 82 L.Ed.2d at pp. 537-538].) The court concluded that the warrantless monitoring of the beeper when it was inside a private residence was an unreasonable search because “[t]he beeper tells the agent that a particular article is actually located at a particular time in the private residence and is in the possession of the person or persons whose residence is being watched.”
 
 (United States
 
 v.
 
 Karo, supra,
 
 at p. 715 [104 S.Ct. at p. 3303, 82 L.Ed.2d at p. 541].)
 

 Karo
 
 was distinguished in
 
 U.S.
 
 v.
 
 Jones
 
 (4th Cir. 1994) 31 F.3d 1304, in circumstances applicable to this case. In
 
 Jones,
 
 postal inspectors planted an electronic tracking device in a mail pouch which was to be transported by a private trucking firm, after several thefts of mail had occurred during transport by a particular driver. At the end of the day, the driver got into his personal van and was followed by inspectors, who received the beeping signal from the tracking device.
 
 (Id.
 
 at p. 1308.) The inspectors placed the defendant under arrest and impounded the van until a search warrant was obtained.
 
 (Ibid.)
 
 On appeal from his conviction for mail theft, the defendant argued the use of the tracking device to monitor the contents of his van violated the Fourth Amendment.
 
 (Id.
 
 at p. 1309.) As concerns us here, the
 
 Jones
 
 court recognized that absent the revelations of the tracking device, the inspectors would have had no probable cause.
 
 (Id.
 
 at p. 1310.) The Fourth Circuit said:
 

 
 *19
 
 “While we agree that Jones had a reasonable expectation of privacy in the interior of his van, we find no government intrusion there. The beeper was not planted in the van; it was concealed in a mail pouch which belonged to the government and in which Jones had no expectation of privacy whatsoever. The mail pouch with the beeper found its way into Jones’ van only because Jones stole the pouch and hid it in the van himself.
 

 “We do not believe that
 
 [Karo]
 
 compels the conclusion that there was a search of Jones’ van. The court in
 
 Karo
 
 recognized that concealment of personal property from public view gives rise to Fourth Amendment protections. But here, what was concealed from public view was not personal property, it was stolen . . . property; this stolen . . . property with its concealed beeper was in Jones’ van only because Jones himself put it there. In contrast, the beeper in
 
 Karo
 
 was concealed in a container of ether which the defendant had purchased. At the times the container in
 
 Karo
 
 was carried by the defendant into his own house, and from there to other places of concealment, it was not contraband; it was personal property belonging to the defendant and in which he had a legitimate expectation of privacy. By hiding a beeper in defendant’s property in
 
 Karo,
 
 the government committed an intrusion which is absent in the present case.”
 
 (U.S.
 
 v.
 
 Jones, supra,
 
 31 F.3d at pp. 1310-1311.)
 

 Jones
 
 concluded
 
 Karo
 
 did not undermine
 
 pre-Karo
 
 cases which found no illegal search where the listening device was implanted in an object containing a contraband substance which the defendant had no right to possess and in which he had no legitimate expectation of privacy.
 
 (U.S.
 
 v.
 
 Jones, supra,
 
 31 F.3d at p. 1311.)
 

 Jones
 
 concluded on this point:
 
 “Karo,
 
 in contrast to the case at bar . . . , raises the disturbing specter of government agents hiding electronic devices in all sorts of personal property and then following private citizens who own such property as they go about their business. This case presents no such danger. Here, the government has placed the electronic device in its own property. Only purloiners of such property need fear adverse consequences. [U Accordingly, we conclude that the postal inspectors’ use of an electronic tracking device to monitor movement of the mail pouch did not constitute a search within the ambit of the Fourth Amendment.”
 
 (U.S.
 
 v.
 
 Jones, supra,
 
 31 F.3d at p. 1311.)
 

 We agree with
 
 Jones
 
 and find its reasoning applicable to this case. Here, the beeper was placed in stolen property and, in fact, the beeper itself was stolen. Indeed, the legality of the search in this case is even clearer than in
 
 *20
 

 Jones,
 
 because here the beeper was placed by a private party—Payless—and not by the government.
 

 Defendants argue
 
 Jones
 
 is distinguishable, because (1) the monitoring there took place on public roads, not in a private residence or hotel room, and (2) the monitoring merely augmented the normal observations of the authorities. We disagree. As to defendants’ first point, the
 
 Jones
 
 holding was not based on a determination that the defendant had no reasonable expectation of privacy on public roads.
 
 Jones
 
 focused on the question of privacy in the interior of the van and reached its conclusion despite its agreement that the defendant “had a reasonable expectation of privacy in the interior of his van . . . .”
 
 (U.S.
 
 v.
 
 Jones, supra,
 
 31 F.3d at p. 1310.) As to defendants’ second point, the monitoring in
 
 Jones
 
 did more than merely augment non-electronic observations.
 
 Jones
 
 acknowledged the authorities did not see the defendant remove any item from the mail truck or transport any item to his own van. “Absent the revelations of the tracking device, they simply had no way of knowing that the transmitter, and the stolen mail pouch in which it was concealed, might be inside Jones’ van.”
 
 (U.S.
 
 v.
 
 Jones, supra,
 
 31 F.3d at p. 1310.)
 

 We conclude, in line with
 
 U.S.
 
 v.
 
 Jones, supra,
 
 31 F.3d 1304, that
 
 Karo
 
 is distinguishable, and monitoring of the beeper in this case did not violate the Fourth Amendment.
 
 [2]
 

 To establish entitlement to relief for ineffective assistance of counsel the burden is on the defendant to show (1) counsel failed to act in the manner to be expected of reasonably competent attorneys acting as diligent advocates and (2) it is reasonably probable that a more favorable determination would have resulted in the absence of counsel’s failing.
 
 (People
 
 v.
 
 Lewis
 
 (1990) 50 Cal.3d 262, 288 [266 Cal.Rptr. 834, 786 P.2d 892].) Assuming for the sake of argument that defendants’ counsel in the prior appeal should have cited
 
 Karo,
 
 it is not reasonably probable that defendants would have received a more favorable determination because, as we have explained,
 
 Karo
 
 does not require the suppression of the evidence seized in this case. Defendants did not receive ineffective assistance of counsel.
 

 
 *21
 
 The judgment is affirmed.
 

 Sparks, Acting P. J„ and Raye, J., concurred.
 

 Appellants’ petitions for review by the Supreme Court were denied September 3, 1997.
 

 [1]
 

 The People initially argue that defendants have failed to establish standing to bring their suppression motion. However, the People’s failure to raise this issue in the trial court constitutes a waiver of the issue for appeal.
 
 (People
 
 v.
 
 Henderson
 
 (1990) 220 Cal.App.3d 1632, 1641 [270 Cal.Rptr. 248].)
 

 [2]
 

 Though not discussed by the parties, we note that in
 
 People
 
 v.
 
 Hull
 
 (1995) 34 Cal.App.4th 1448 [41 Cal.Rptr.2d 99], we held the Fourth Amendment was not violated where police planted an electronic tracking device in stereo speakers in a car parked as “bait," tracked the speakers to a residence after they were stolen, and conducted a warrantless search of the residence. We concluded the search was objectively reasonable and justified under the exigent circumstances doctrine.
 
 {Id.
 
 at pp. 1452, 1455-1457.) We do not rely on
 
 Hull,
 
 however, because no issue was raised in that case as to whether the police unlawfully obtained the probable cause for the search.